UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES HURTADO, an individual; and STEPHANIE HURTADO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>KEN SUPRENANT, an individual; and DOES 1 to 1000 and ROE entities I to L<br><br>Defendants. | Case No. 2:23-cv-01433-GMN-EJY<br><br>**ORDER<br>AND<br>REPORT AND RECOMMENDATION** |

### I.   Introduction and Summary of Arguments

Pending before the Court is Defendant's Motion for Leave to File Second Amended Answer, Counterclaims, and Crossclaims (the "Motion" or "Motion for Leave"). ECF No. 43. The substance of the Motion is two paragraphs long offering the applicable legal standard and concluding that the proposed second amended complaint was submitted "without undue delay and in good faith"; the "timely filing does not prejudice Plaintiffs or Agility [Credit LLC]" (hereinafter, "Agility"); and "the filing is not futile." *Id*. at 2. Plaintiffs oppose the Motion asserting undue delay; Defendant "offers no explanation" for the delay in seeking the amendment; the amendment would not serve the interests of justice; and the proposed new claim fails "to present a cognizable legal theory under Nevada law and … lack[s] sufficient facts" to state a claim. ECF No. 44 at 4-5. In reply, Defendant argues Plaintiffs did not demonstrate undue delay while admitting "the new crossclaim against Agility for equitable enforcement arises out of the same facts that are at the center of the other claims in the litigation …." ECF No. 45 at 2. Defendant also says two months of the discovery period remained at the time the Motion for Leave was filed, and that Plaintiffs cannot rely on prejudice because the new claim is against Agility, not Plaintiffs. *Id*. at 3. Finally, Defendant says that while it is true Plaintiffs filed a motion to dismiss Defendant's counterclaims and crossclaims, which remains pending, eleven days after Plaintiffs' motion to dismiss was filed, Plaintiff stipulated to March 7, 2025 as the last day to seek amendment of pleadings. On this basis Defendant submits

Plaintiffs should have anticipated "Defendant would seek amendment to address problems with Defendant's claim that were identified in Plaintiff's motion to dismiss." *Id*.

**II.    Discussion**

   A.    <u>The Amendment Standard</u>.

Defendant brings this Motion under Federal Rule of Civil Procedure 15(a)(2). A motion for leave to amend brought pursuant to Rule 15(a)(2) should be granted freely "when justice so requires." When a party seeks court permission to file an amended pleading, the decision whether to grant leave "lies within the sound discretion of" the court. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (internal citation omitted). The amendment standard is "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

There are five factors courts consider when deciding whether to grant leave to file an amended pleading. These include "bad faith, undue delay, prejudice to the opposing party, futility of amendment," and whether previous amendments have been offered. *Interior Electric Incorporated Nevada v. T.W.C. Construction, Inc.*, Case No. 2:18-cv-01118-JAD-VCF, 2019 WL 1767884, at *2 (D. Nev. Apr. 22, 2019) (internal citation omitted). The party opposing the amendment bears the burden of showing why leave should be denied. *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

The factors the Court considers "are not of equal weight … [given] that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186. And "it is the consideration of prejudice to the opposing party that at carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. With respect to futility, "[a] proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense." *Morris v. Cach, LLC*, Case No. 2:13-cv-00270-APG-GWF, 2013 WL 5738047, at *2 (D. Nev. Oct. 22, 2013) (citations omitted). Futility may also be found where "proposed amendments are either duplicative of existing claims or patently frivolous, or both." *Bonin v. Calderon,* 59 F.3d 815, 846 (9th Cir. 1995). Finally, as explained in *Morris v. Cach*,

> The standard of review is akin to that undertaken by a court in determining the sufficiency of a pleading challenged in a Rule 12(b)(6) motion to dismiss. Under this standard, a district court may not deny a motion to amend for futility unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.

2013 WL 5738047, at *2 (citations omitted). "The issue is not whether the … [moving party] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id*. (citations omitted).

      B.    <u>Defendant Does not State a Cognizable Claim Under Equitable Enforcement</u>.

Initially, the Court notes Plaintiffs offer no opposition to amendments to Defendant's Answer, Affirmative Defenses, Amended Counterclaim, or Breach of Contract crossclaim. ECF No. 44. at 2 (referring only to the Equitable Enforcement claim), 4 and 5 (same). These amendments will proceed regardless of whether Plaintiff's opposition to the proposed amended alleging Equitable Enforcement is successful. *See* LR 7-2(d) and case law interpreting the same. Thus, the Court begins its analysis with whether Defendant's Equitable Enforcement of Agility's Duty of Performance ("Equitable Enforcement") claim is futile.

A review of the proposed Equitable Enforcement crossclaim shows Defendant asserts: (1) Plaintiff, Defendant, and a third party executed a personal guaranty (the "guaranty"); (2) all members of Agility were parties to the guaranty; (3) the guaranty created an implied agreement between Defendant and Agility binding Agility to certain obligation under a loan agreement (the "Loan") and promissory note (the "Note"); (4) Plaintiff "Jame Hurtado caused Agility to stop making payments on the" Note; (5) Plaintiffs notified Agility that Agility was in default; (6) "Agility breached its duty to" Defendant when Agility failed to pay amounts due Plaintiffs under the Loan and Note; and (7) this failure caused and will cause damage to Defendant by requiring Defendant to pay Agility's debt. ECF No. 43-1 at 25. Defendant then "demands" Agility perform under the Loan and Note (presumably meaning pay Plaintiffs the amount due so Defendant is not required to do so). *Id*.

The Court could find no case or statute recognizing a claim for "Equitable Enforcement" of a "Duty of Performance" under Nevada or Ninth Circuit law. In fact, the Court searched state law nationwide finding no case recognizing a cause of action that approaches this equitable claim. A review of Defendant's claim suggests he may be asserting some form of misrepresentation,

indemnification, or estoppel; or he may be attempting to assert breach of an implied contract, breach of a legally recognized but unidentified fiduciary duty, fraud in the inducement, or something else the Court has not mentioned. However, the claim of Equitable Enforcement of a Duty of Performance does not appear to exist while adequate remedies at law do exist. A review of the common law in the State of Nevada confirms "Nevada recognizes that equitable remedies are generally not available where the … [party bringing the claim] has a full and adequate remedy at law." *Korte Constr. Co. v. State on Rel. of Bd. of Regents of Nevada Sys. of Higher Educ.*, 492 P.3d 540, 541 (Nev. 2021). Moreover, while Defendant states "Plaintiffs merely assert without citation that amendment to Defendant's claim against Agility for equitable enforcement … is futile …," Defendant offers nothing to support the existence of such a claim in its moving papers or reply, instead stating only that it is better considered on a motion to dismiss. ECF No. 45 at 4.

The Court finds Defendant's Equitable Enforcement of Agility's Duty of Performance claim does not exist in common law and, importantly, causes of action that provide adequate remedies are available for Defendant to pursue. For this reason, the Court finds Defendant's Equitable Enforcement claim is futile as pleaded.[1] Because the Court finds futility, it does not consider additional factors such as undue delay or prejudice.

**III.    Order**

IT IS HEREBY ORDERED that Defendant's Motion for Leave to File Second Amended Answer, Counterclaims, and Crossclaims (ECF No. 43) is GRANTED in part.

IT IS FURTHER ORDERED that the amendments to Defendant's Answer, Affirmative Defenses, Counterclaims, and Breach of Contract crossclaim, which appear in the proposed Second Amended Answer, Counterclaims, and Crossclaims (ECF No. 43-1), may proceed.

IT IS FURTHER ORDERED that Defendant must revise the proposed Second Amended Answer, Counterclaims, and Crossclaims to remove the Equitable Enforcement of Agility's Duty of Performance claim, and file the revised document on the docket.

---

[1] The Court notes that Defendant did not seek or otherwise request further leave to amend to restate the Equitable Enforcement cause of action in the event the Court found, as it has, the claim is futile as stated.

IT IS FURTHER ORDERED that responses to the revised Second Amended Complaint will be due fourteen (14) days after filing the Second Amended Complaint.

## IV. Recommendation

IT IS HEREBY RECOMMENDED that Defendant's Motion for Leave to File Second Amended Answer, Counterclaims, and Crossclaims (ECF No. 43) be DENIED to the extent the Court finds the Equitable Enforcement of Agility's Duty of Performance claim is futile and should not proceed.

Dated this 5th day of June, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).